Judge Robertson
delivered the opinion of the court.
The Bank pf Kentucky sued John T. Pendleton and Richard Taylor as drawers, and John J. Marshall and James Taylor, as endorsers, of a note to the bank, for $2,300. The writ and declaration are in debt, and against the drawers and endorsers jointly, The whole amount claimed in the *149 declaration is $2,300. The only breach assigned is in the non-payment of the debt of $2,300. The interest and cost of protest, are not sued for or included in the declaration. The jury assessed damages on a writ of inquiry, and the court rendered judgment by default, for the debt and damages.
The statutes authorizing a joint action, against the drawer and endorser of a foreign bill of exchange, being in derogation of the common law, is construed strictly. Therefore, a joint action, brought against the drawer and endorser, fer the amount of the bill, that is, for the debt, aloney is not maintainable. It must be brought “for the debt, interest, and costs of protest,” according to the language of the statute.
Hoggin, Loughborough and Mills, for plaintiffs; Crittenden, for defendants. ,
This judgment cannot be sustained. At common law, a joint action was not maintainable on a foreign bill of exchange, against the drawer and endorser. The statutes of 1798, I. Dig. 192; and of 1819,I. Ib. 194: which authorise such a joint suit, permit it only for debt, interest and costs of protest. This being a statutory remedy, in derogation of the common law, has been strictly construed, and hence it has been decided by the supreme court of the nation, in Wilson vs. Lenox and al. I. Cranch, 211; and by this court in Johnson vs. The Bank of Kentucky, V. Monroe, 119; that a joint action against the drawer and endorsers, cannot be maintained, unless it be brought for the interest and costs of protest, as well as the principal sum.
These authorities are decisive in this case. The bank attempted to pursue a statutory remedy. It did not comply with the requisitions of the statutes; and the “Lex mercatoria” no more than the common law, will sustain their suit in the manner in which it was prosecuted. Cresson vs. Williamson, I. Marsh. 454.
The note in this case was discounted by the bank and protested. It is, therefore, a foreign bill of exchange. See 13th section of the act to establish the Bank of Kentucky, I. Dig. 144, and Sanders and al. vs. The Bank of Kentucky, II. Marsh. 348.
The judgment must, therefore, be reversed, and the cause remanded, with instructions to dismiss the suit.